**Gregory SAMSON, Petitioner—Appellant,**

v.

**State of NEVADA; Miles Long, Warden, Respondents—Appellees.**

No. 04–17410.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Oct. 26, 2005.

Douglass A. Mitchell, Esq., Dickerson, Dickerson, Consul & Pocker, Las Vegas, NV, for Petitioner–Appellant.

Jan J. Cohen, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: REINHARDT and THOMAS, Circuit Judges, and RESTANI,* Chief Judge, United States Court of International Trade.

### MEMORANDUM **

Gregory "Skeeter" Samson appeals the district court's dismissal of his habeas petition, which he filed after being denied post-conviction relief from his conviction for second degree murder with a deadly weapon in Nevada state courts. We affirm. Because the parties are familiar with the facts and procedural history, we need not recount them here.

### I

■ The district court did not err in holding that Samson had procedurally defaulted the claim that he was denied constitutionally effective assistance of counsel due to his attorney's failure to move the trial court for suppression of certain physical evidence. "When a state prisoner has defaulted a claim by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may not raise the claim in federal habeas, absent a showing of cause and prejudice." *Wood v. Hall,* 130 F.3d 373, 376 (9th Cir. 1997), *cert. denied,* 523 U.S. 1129, 118 S.Ct. 1818, 140 L.Ed.2d 955 (1998), *quoting Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994). Under Nevada law applicable at the time of Samson's conviction, unless good cause is shown for the delay, any petition for post-conviction relief must be filed within one year of entry of judgment of conviction or one year of the final decision in a direct appeal of the conviction. Nev. Res. Stat. § 177.315(3) (Repealed by Acts 1991, ch. 44, § 31, p. 92, effective January 1, 1993).

In the last post-conviction proceedings before the state district court, the district court held that all of Samson's contentions were time-barred and not procedurally excused, except for Samson's contention that his counsel was constitutionally ineffective for failing to assert that Samson's "statements obtained without a warrant should have been suppressed." That issue was based upon a decision of the Nevada Supreme Court that was later reversed. Thus, the state district court held that the issue of ineffective assistance of counsel was moot. On appeal, the Nevada Supreme Court held that Samson's petition for post-conviction relief was untimely because it was filed more than three years after the final disposition on his direct appeal.

Samson argues that the question of whether the physical evidence should have been suppressed was not considered in either decision. However, the state district court heard all of Samson's claims and held that all of them had been untimely filed. The state court listed Samson's contention that his statements should have been suppressed as the only issue upon which good cause had been established for excusing the procedural default. It held that "all other contentions raised in the petition are time-barred...." Given the express language of the order, we cannot conclude that the state district court did not mean what it said.

Because Samson failed to demonstrate either cause or prejudice for this late filing, the district court properly dismissed

* The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

grounds two through six of his petition for writ of habeas corpus.

## II

The only claim that the district court considered on the merits was Samson's sufficiency of the evidence claim. In order to prevail on a sufficiency of the evidence claim, a habeas petitioner must demonstrate that "after viewing the evidence in the light most favorable to the prosecution, [that no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Juan H. v. Allen,* 408 F.3d 1262, 1274 (9th Cir.2005) (*quoting Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). This analysis is based on the elements of the offense as established by state law, and the reviewing court must give heightened deference to the state court's determination under the Anti–Terrorism and Effective Death Penalty Act. *Id.* at 1274–75.

On de novo review, we find that a rational trier of fact could have found the essential elements of second degree murder as well as the actual or constructive possession of a deadly weapon necessary for the sentence enhancement Samson received under Nevada law. The vast majority of evidence presented in the case consisted of testimonial recollections of the events on the night of the victims death. Because many of the witnesses contradicted one another, the outcome of the case turned primarily upon the jurors' assessments of the credibility of the witnesses. However, the Supreme Court has held that such determinations are to be respected by reviewing courts. See, e.g., *Schlup v. Delo,* 513 U.S. 298, 330, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) ("Under *Jackson,* the

assessment of the credibility of witnesses is generally beyond the scope of review."). For these reasons, we conclude that the district court did not err in denying this claim.

AFFIRMED.